1

2

3                                                    **FILED**

4                                                  DEC 0 8 2014

5
                                               RICHARD W. WIEKING
6                                          CLERK, U.S. DISTRICT COURT
                                         NORTHERN DISTRICT OF CALIFORNIA
7                                                    SAN JOSE

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JASON A. SANDEFUR,                    )    No. C 14-3899 LHK (PR)
                                           )
12            Plaintiff,                    )    ORDER OF DISMISSAL WITH
                                           )    LEAVE TO AMEND
13   v.                                    )
                                           )
14   SHERIFF ROSS MIRKARIMI, et al.,        )
                                           )
15            Defendants.                   )
                                           )
16

17          Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint

18   pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a

19   separate order. For the reasons stated below, the court dismisses the complaint with leave to

     amend.
20
                                          **DISCUSSION**
21
     A.      Standard of Review
22
            A federal court must conduct a preliminary screening in any case in which a prisoner
23
     seeks redress from a governmental entity or officer or employee of a governmental entity. *See*
24
     28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss
25
     any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
26
     seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),
27
     (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*
28

1 | *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2 |     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 | (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 | the alleged deprivation was committed by a person acting under the color of state law. *West v.*
5 | *Atkins*, 487 U.S. 42, 48 (1988).

6 | B.    Plaintiff's Claims

7 |     Plaintiff alleges that he has been stabbed a total of six times in his left lung. Plaintiff has
8 | had chest tube placements because his lung collapsed. Plaintiff's spleen has also been lacerated,
9 | and he has severe hypergranulation and pleurisy, which is chronic pleuritic chest pain. Plaintiff
10 | also has bulging slipped disks in his lower back. For years, the Jail Health Services at San
11 | Francisco County Jail provided proper pain medication until about three or four years ago, when
12 | the jail implemented a new pain management limit. When plaintiff was arrested in October
13 | 2010, plaintiff's medication dosage was cut from 60 milligrams per day to 30 milligrams per
14 | day. Plaintiff was moved to San Bruno where the nurses often assume that inmates are
15 | "cheeking" or hiding their medications. In May 2013, plaintiff claims that Nurse Mary Jane
16 | thought plaintiff threw away a small piece of Norco.[1] Then, in September 2013, a deputy
17 | accused plaintiff of holding onto his medication. As a result, Jail Medical Services discontinued
18 | plaintiff's medication. Plaintiff alleges that his pain has not been adequately controlled, and he
19 | is in constant pain.

20 |     It appears that plaintiff is attempting to raise a claim of deliberate indifference to his
21 | serious medical needs. Deliberate indifference to serious medical needs violates the Eighth
22 | Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429
23 | U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on*
24 | *other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en
25 | banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result

26 |

27 |     [1] Norco is a medication made up of both a narcotic and non-narcotic pain reliever. *See*
28 | *WebMD*, http://www.webmd.com/drugs/2/drug-63/norco-oral/details (last visited December 4, 2014).

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Sandefur899dwla.wpd    2

1    in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974
2    F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he
3    knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing
4    to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison
5    official must not only "be aware of facts from which the inference could be drawn that a
6    substantial risk of serious harm exists," but he "must also draw the inference." *Id.*  If a prison
7    official should have been aware of the risk, but was not, then the official has not violated the
8    Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,
9    1188 (9th Cir. 2002).

10          Here, the complaint does not state a claim for an Eighth Amendment violation against
11   defendants.  The complaint has several deficiencies that require an amended complaint to be
12   filed.  First, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
13   plaintiff can show that a defendant's actions both actually and proximately caused the
14   deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*,
15   726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Either
16   personal involvement or integral participation of the officers in the alleged constitutional
17   violation is required before liability may be imposed; liability may not be imposed based solely
18   on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70
19   (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers
20   who provide armed backup, officer who waits in front yard and does not participate in search of
21   residence not an integral participant).

22          Here, plaintiff does not link individual defendants to any action or inaction that would
23   demonstrate that a defendant is liable for any wrongdoing.  Although plaintiff alleges that Jail
24   Health Services or the Jail Medical Services discontinued plaintiff's medication, plaintiff must
25   name individual state actors and demonstrate how each individual was deliberately indifferent to
26   plaintiff's medical needs.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply
27   conclusions, that show that an individual was personally involved in the deprivation of his civil
28   rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff will be given an

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Sandefur899dwla.wpd          3

1  opportunity to amend his complaint to allege specifics.

2       Second, to the extent plaintiff is raising a claim of supervisory liability, again, plaintiff

3  has not alleged sufficient facts to support such a claim. "In a § 1983 . . . action – where masters

4  do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer.

5  Absent vicarious liability, each Government official, his or her title notwithstanding, is only

6  liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A

7  supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the

8  constitutional deprivation or (2) a sufficient causal connection between the supervisor's

9  wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04

10  (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). If plaintiff believes

11  he can allege facts sufficient to establish supervisory liability, he may amend his complaint to do

12  so.

13       Third, to raise a claim of municipal liability, a plaintiff must show: (1) that the plaintiff

14  possessed a constitutional right of which he or she was deprived; (2) that the municipality had a

15  policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional

16  rights; and (4) that the policy is the moving force behind the constitutional violation. *See*

17  *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has

18  not alleged any of these elements. If plaintiff believes he can allege facts sufficient to establish

19  municipal liability, he may amend his complaint to do so.

20       Plaintiff should be mindful that his "obligation to provide the grounds of his entitle[ment]

21  to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

22  a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief

23  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)

24  (citations omitted). Plaintiff's amended complaint must proffer "enough facts to state a claim for

25  relief that is plausible on its face." *Id.* at 591-93.

26       Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will

27  be provided with thirty days in which to amend to correct the deficiencies in his complaint if he

28  can do so in good faith.

1

**CONCLUSION**

2          For the foregoing reasons, the court hereby orders as follows:

3          1.       Plaintiff's complaint is DISMISSED with leave to amend.

4          2.       If plaintiff can cure the pleading deficiencies described above, he shall file an

5    AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended

6    complaint must include the caption and civil case number used in this order (C 14-3899 LHK

7    (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate

8    material from the prior complaint by reference. **Failure to file an amended complaint within**

9    **thirty days and in accordance with this order will result in a finding that further leave to**

10   **amend would be futile and this action will be dismissed.**

11         3.       Plaintiff is advised that an amended complaint supersedes the original complaint.

12   "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

13   in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

14   Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

15   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

16         4.       It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

17   court informed of any change of address by filing a separate paper with the clerk headed "Notice

18   of Change of Address," and must comply with the court's orders in a timely fashion. Failure to

19   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

20   of Civil Procedure 41(b).

21         IT IS SO ORDERED.

22   DATED: 12/4/14                                    *Lucy H. Koh*

23                                                    LUCY H. KOH
                                                      United States District Judge

24

25

26

27

28