**FILED**

MAY 08 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. SANDEFUR, | No. C 14-3899 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| DR. JOE GOLDENSON, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Sandefur899dwla2.wpd

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

2    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3    the alleged deprivation was committed by a person acting under the color of state law. *West v.*

4    *Atkins*, 487 U.S. 42, 48 (1988).

5    B.    Plaintiff's Claims

6    In the original complaint, plaintiff alleged that he has been stabbed in his left lung.

7    Plaintiff had chest tube placements because his lung collapsed.  Plaintiff's spleen had also been

8    lacerated, and he had severe hypergranulation and pleurisy, which is chronic pleuritic chest pain.

9    Plaintiff also had bulging slipped disks in his lower back.  Plaintiff claimed that the Jail Health

10   Services at San Francisco County Jail provided proper pain medication until about three or four

11   years ago, when the jail implemented a new pain management limit.  When plaintiff was arrested

12   in October 2010, plaintiff's medication dosage was cut from 60 milligrams per day to 30

13   milligrams per day.  At the San Bruno jail, the nurses often assumed that inmates were

14   "cheeking" or hiding their medications.  In May 2013, Nurse Mary Jane thought plaintiff threw

15   away a small piece of pain medication.  Then, in September 2013, a deputy accused plaintiff of

16   holding onto his medication.  As a result, plaintiff claimed that Jail Health Services discontinued

17   plaintiff's medication and plaintiff was not receiving adequate pain medication.

18   The court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that

19   although it appeared that plaintiff was attempting to raise a claim of deliberate indifference to

20   serious medical needs, plaintiff's complaint was deficient.  Specifically, plaintiff did not link

21   individual defendants to any action or inaction that gave rise to a reasonable inference of

22   deliberate indifference.  As a result, the court dismissed the complaint with leave to amend.  The

23   court informed plaintiff that he would need to allege specific facts that would demonstrate that

24   each named defendant purposefully acted or failed to act knowing that plaintiff faced a

25   substantial risk of serious harm, and that plaintiff did suffer harm as a result.

26   In plaintiff's amended complaint, plaintiff states that Nurse Practitioners John Poh,

27   Nancy Orcutt, and Elizabeth Marlow "have been made aware countless times of my difficulties

28   with bowel movements, sleep and extreme pain when I yawn, sneeze, cough, etc. – they are

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Sandefur899dwla2.wpd          2

1  completely, unequivocally, deliberately indifferent to the level of wanton infliction of pain."

2  (Am. Compl. at 4.)  However, while specific facts are unnecessary to state a claim for relief if

3  the claim otherwise gives the defendant fair notice, *see Erickson v. Pardus*, 551 U.S. 89, 93

4  (2007) (citations omitted), the "[f]actual allegations must be enough to raise a right to relief

5  above the speculative level," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007)

6  (citations omitted).  In other words, to state a claim that is plausible on its face, a plaintiff must

7  allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable

8  for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9          Plaintiff's claim, as it is currently stated, does not set forth sufficient facts to give rise to

10  a reasonable inference that Nurse Practitioners John Poh, Nancy Orcutt, or Elizabeth Marlow

11  knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to

12  take reasonable steps to abate it.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff

13  also appears to accuse Nurse Practitioners John Poh, Nancy Orcutt, and Elizabeth Marlow of

14  prohibiting plaintiff from signing a pain management agreement stating that plaintiff will not

15  hoard or divert his medication.  (Am. Compl. at 4.)  However, it is not clear whether Nurse

16  Practitioners John Poh, Nancy Orcutt, or Elizabeth Marlow has the authority to prevent plaintiff

17  from making such an agreement, whether such an agreement exists, or what effect any agreement

18  would have on plaintiff's claim against Nurse Practitioners John Poh, Nancy Orcutt, and

19  Elizabeth Marlow.  Plaintiff does not assert that Nurse Practitioners John Poh, Nancy Orcutt, or

20  Elizabeth Marlow are refusing to administer pain medication to plaintiff, or that they are

21  otherwise knowingly disregarding a substantial risk of serious harm to plaintiff.  To clarify this

22  confusion, plaintiff will be given one last opportunity to amend his complaint to clearly state

23  what Nurse Practitioners John Poh, Nancy Orcutt, and Elizabeth Marlow did or did not do that

24  gives rise to an inference that plaintiff was suffering from a serious medical need, and that each

25  defendant knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by

26  failing to take reasonable steps to abate it.

27          In the amended complaint, plaintiff also re-alleges that Dr. Joe Goldensen, the Director of

28  Jail Health Services, is liable as a supervisor because Dr. Goldensen "has repeatedly been made

1    aware of my situation through countless grievances." (Am. Compl. at 5.)  The court previously

2    warned plaintiff that a supervisor may be liable under section 1983 upon a showing of (1)

3    personal involvement in the constitutional deprivation or (2) a sufficient causal connection

4    between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*,

5    678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.

6    2011)).  However, again, plaintiff does nothing more than give conclusory statements without

7    specifying what Dr. Goldensen did or did not do to demonstrate deliberate indifference.  Plaintiff

8    states that Dr. Goldensen "co-signs on his minions work," but the court is unsure whether

9    plaintiff is referring to Dr. Goldensen's employees' medical reports, Dr. Goldensen's employees'

10   review of grievances, or what Dr. Goldensen is "co-signing" and how it is connected to Dr.

11   Goldensen's alleged wrongful conduct and plaintiff's claimed violation.  (Am. Compl. at 3.)

12   Nonetheless, plaintiff will be given one last opportunity to amend his complaint.

13        Finally, in the amended complaint, plaintiff appears to allege that the Jail Health Services

14   is liable under a municipal liability theory.  The court previously warned plaintiff that to raise a

15   claim of municipal liability, a plaintiff must show: (1) that the plaintiff possessed a constitutional

16   right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy

17   amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is

18   the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of*

19   *Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  Here, plaintiff alleges that the Jail Health Services,

20   as a part of the San Francisco Sheriff's Department, had a policy, i.e., a pain management

21   agreement/contract.  Plaintiff then alleges that "they" violated that policy.  (Am. Compl. at 5.)

22   However, municipal liability requires a showing that the local government's policy itself

23   amounts to deliberate indifference to the plaintiff's constitutional rights. *Plumeau*, 130 F.3d at

24   438.  Instead, plaintiff's amended complaint appears to state that while the Jail Health Services

25   had a policy, the deliberate indifference occurred when employees violated that policy by failing

26   to abide by the agreement.  Stated in that way, plaintiff has not stated a claim against Jail Health

27   Services or the San Francisco Sheriff's Department under municipal liability.

28        Accordingly, the amended complaint is DISMISSED WITH LEAVE TO AMEND.

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Sandefur899dwla2.wpd      4

1  Plaintiff will be give one last opportunity to correct the deficiencies in his amended complaint if

2  he can do so in good faith.  Plaintiff may not incorporate material from the prior complaints by

3  reference.

**CONCLUSION**

4

5  For the foregoing reasons, the court hereby orders as follows:

6  1.  Plaintiff's complaint is DISMISSED with leave to amend.

7  2.  If plaintiff can cure the pleading deficiencies described above, he shall file a

8  SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The

9  amended complaint must include the caption and civil case number used in this order (C 14-3899

10  LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may

11  not incorporate material from the prior complaint by reference.  Failure to file a second amended

12  complaint within thirty days and in accordance with this order will result in a finding that further

13  leave to amend would be futile and this action will be dismissed.

14  3.  Plaintiff is advised that an amended complaint supersedes the prior complaints.

15  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

16  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

17  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

18  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

19  4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

20  court informed of any change of address by filing a separate paper with the clerk headed "Notice

21  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

22  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

23  of Civil Procedure 41(b).

24  IT IS SO ORDERED.

25  DATED: 5/8/2015                          *Lucy H. Koh*

                                            LUCY H. KOH
26                                          United States District Judge

27

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Sandefur899dwla2.wpd        5